IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ASSET ALLOCATION AND MANAGEMENT CO., LLC,<br><br>Plaintiff,<br><br>v.<br><br>PHYSICIANS MUTUAL INSURANCE COMPANY and PHYSICIANS LIFE INSURANCE COMPANY<br><br>Defendants. | Case No. :<br>Jury Demand<br><br>**FILED: AUG. 07, 2008**<br>**08CV4471**<br>**JUDGE DARRAH**<br>**MAGISTRATE JUDGE ASHMAN**<br><br>**AEE** |

## ASSET ALLOCATION & MANAGEMENT COMPANY, LLC'S
## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Asset Allocation & Management Company, LLC ("AAM"), by and through its attorneys, and for its Complaint against defendants Physicians Mutual Insurance Company ("Physicians Mutual) and Physicians Life Insurance Company ("Physicians Life") (collectively referred to as "Physicians") states as follows:

**Parties**

1. AAM is a limited liability company organized and existing by virtue of the laws of the State of Delaware with its principal place of business located in Chicago, Illinois. Its members are as follow:

    a. Schaefco, Inc. is a corporation organized and existing by virtue of the laws of the State of Illinois with its principal place of business located in Chicago, Illinois. Schaefco is a citizen of the State of Illinois and no other state.

    b.    Bravco is a corporation organized and existing by virtue of the laws of the State of Illinois with its principal place of business located in Chicago, Illinois. Bravco is a citizen of the State of Illinois and no other state.

    c.    GlenEdwards, Inc. is a corporation organized and existing by virtue of the laws of the State of Illinois with its principal place of business located in Chicago, Illinois. GlenEdwards, Inc. is a citizen of the State of Illinois and no other state.

    d.    Reed J. Inc. is a corporation organized and existing by virtue of the laws of the State of Illinois with its principal place of business located in Chicago, Illinois. Reed J. Inc. is a citizen of the State of Illinois and no other state.

    e.    XK8, Inc. is an Illinois corporation with its principal place of business located in Chicago, Illinois. XK8, Inc. is a citizen of the State of Illinois and no other state.

    f.    Trident AAM Holdings, Inc. is a corporation organized and existing by virtue of the laws of the State of Delaware with its principal place of business located in Greenwich, Connecticut. Trident AAM Holdings, Inc is a citizen of the State of Connecticut and no other state.

2.    AAM is a citizen of the States of Illinois, Delaware and Connecticut, and no other state.

3.    Physicians Mutual is a mutual insurance company organized and existing by virtue of the laws of the State of Nebraska with its principal place of business located in Omaha, Nebraska. Physicians Mutual is a citizen of the State of Nebraska and no other state.

4.    Physicians Life is an insurance company organized and existing by virtue of the laws of the State of Nebraska with its principal place of business located in Omaha, Nebraska. Physicians Life is a citizen of the State of Nebraska and no other state. Physicians Life is a wholly owned subsidiary of Physicians Mutual.

## Jurisdiction and Venue

5.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as it is brought between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00. This action seeks a declaratory judgment under 28 U.S.C. § 2201.

6.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 (a) (2) as it is a judicial district in which a substantial part of the events giving rise to the dispute occurred.

## Nature of the Action

7.  Physicians Mutual and Physicians Life filed an action for professional malpractice against AAM in this Court in September 2006. That action was premised upon diversity jurisdiction. The action was prosecuted to a Rule 56 summary judgment entered in favor of AAM and against Physicians Mutual and Physicians Life on September 28, 2007. Physicians appealed from that final judgment, but the Seventh Circuit Court of Appeals remanded the action to the District Court on February 20, 2008, for the purpose of developing the record to determine if diversity jurisdiction exists. On August 7, 2008, the District Court dismissed the case, without prejudice, for lack of diversity jurisdiction. The evidence developed on remand did not demonstrate that there were citizens of the same state on each side of the case; rather, the evidence failed to establish the citizenship of each entity that was a limited partner in an entity that was a member of a limited liability company that was, in turn, a member of AAM.

8. Since the time the original action was filed, the Membership of AAM changed such that there is now complete diversity of citizenship between AAM and all of its Members, on the one hand, and Physicians Mutual and Physicians Life on the other hand.

9. AAM seeks a declaratory judgment that it is not liable to Physicians Mutual or Physicians Life for any of the matters alleged in the original action. There is an actual controversy between the parties regarding those matters.

**The Facts Alleged in the Original Action**

10. Asset Allocation and Management Company (an Illinois general partnership and one of AAM's predecessors) entered into separate but identical Investment Management Agreements with Physicians Mutual and Physicians Life dated October 1, 1983 pursuant to which Asset Allocation and Management Company acted as an investment advisor to Physicians.

11. On January 1, 2000, Asset Allocation and Management Company, LLC (an Illinois limited liability company and AAM's immediate predecessor) entered into new Investment Management Agreements with Physicians. The October 1, 1983 and January 1, 2000 Agreements are hereinafter collectively referred to as the "Investment Management Agreements."

12. In accordance with the terms of the Investment Management Agreements, AAM (and its predecessors) recommended to Physicians the purchase and sale of securities and other transactions which AAM deemed to be in the best interest of Physicians. Physicians retained and exercised full investment decision making authority.

13. Physicians purchased various mortgage-backed securities that represented an interest in pools of mortgages with Federal Housing Administration ("FHA") guarantees of the principal amount of the loans. More specifically, Physicians purchased participating interests (evidenced by "Participation Certificates") in three (3) separate pools of mortgage loans insured by the FHA and an interest in a single mortgage loan also insured by the FHA. The underlying mortgage loans were secured by multi-family, low income or elderly housing projects. Physicians' participating interests represented a direct ownership in the underlying mortgage loans and entitled Physicians to their proportionate share of the principal and interest payments made on the underlying mortgage loans.

14. Physicians alleged in the original action that AAM misrepresented to them the prepayment protection on the mortgages.

15. Physicians alleged in the original action that contrary to the alleged representations of AAM, and unbeknownst to Physicians, the underlying mortgage loans had little or no remaining prepayment protection at the time of each of Physicians' investments and/or were materially different than represented to Plaintiffs. Consequently, Physicians alleged that the underlying loans were at substantial risk of being prepaid or "called" prior to maturity. Physicians further alleged that had they been informed of the absence of call protection, they would not have purchased the securities and/or paid a premium for the subject securities. Physicians alleged that they suffered "substantial losses" as a consequence of their purchase of the Participation Certificates.

16. The particulars of each of Physicians' investments, including date of purchase, par value, purchase price, stated maturity date of each loan and redemption date are set forth below:

| Trade Date | Purchaser | Project | Par Value | Purchase Price | Maturity | Redemption |
|---|---|---|---|---|---|---|
| 01/31/1996 | Physicians Mutual | Greystone 95-4 | 4,993,281.50 | 6,983,572.30 | 06/01/2024 | 05/29/2003 |
| 02/15/1996 | Physicians Life | Greystone 96-1 | 2,000,000.00 | 2,291,250.00 | 05/01/2018 | 09/25/2002 |
| 02/15/1996 | Physicians Mutual | Greystone 96-1 | 5,000,000.00 | 5,728,125.00 | 05/01/2018 | 09/25/2002 |
| 11/22/1996 | Physicians Life | Greystone 96-6 | 4,000,000.00 | 5,475,000.00 | 06/01/2024 | 05/28/2003 |
| 11/22/1996 | Physicians Mutual | Greystone 96-6 | 1,000,000.00 | 1,368,750.00 | 06/01/2024 | 05/28/2003 |
| 02/22/1999 | Physicians Life | Union Plaza | 2,956,641.39 | 3,585,389.66 | 07/01/2026 | Current |
| 02/22/1999 | Physicians Mutual | Union Plaza | 6,898,829.91 | 8,365,909.23 | 07/01/2026 | Current |
| 09/22/2000 | Physicians Mutual | Greystone 95-4 | 2,163,040.79 | 2,551,177.90 | 06/01/2024 | 05/29/2003 |

14. In the original action, Physicians alleged four separate counts against AAM in connection with Physicians' purchase of the Participation Certificates: negligence, breach of fiduciary duty, breach of contract and fraud.

15. In the original action, Physicians alleged that AAM breached its duty to exercise reasonable care, skill and diligence in its services rendered to Physicians and that AAM's acts or omissions alleged were "willful, wanton and in deliberate disregard of the rights of [Physicians]."

16. In the original action, Physicians alleged that they suffered damages in excess of $75,000, exclusive of interest and costs.

17. In the original action, Physicians alleged that they reposed complete confidence and trust in AAM to thoroughly investigate, evaluate and recommend appropriate fixed term and other investments to Physicians in accordance with its role as investment advisor. Physicians further alleged that AAM had fiduciary obligations to Physicians which included the duties to exercise good faith, loyalty, honesty and fairness in all dealings with the Physicians and to fully and completely disclose all material facts relating to investment recommendations given to Physicians.

18. In the original action, Physicians alleged that AAM falsely, fraudulently, and with intent to deceive represented to Physicians in connection with each purchase of the Participation Certificates that there existed "prepayment lockouts" and/or "call protection" on all of the mortgage loans underlying their investments for the life or a substantial part of the life of the loans.

19. In the original action, Physicians alleged that AAM failed to disclose the true prepayment rights and provisions of the underlying mortgage loans in connection with each purchase of the Participation Certificates and that the prepayment rights and provisions of the underlying mortgage loans were material to Plaintiffs' investment decisions and caused Physicians to pay a substantial premium over and above par value. Physicians alleged that they purchased the subject securities in reliance on the alleged misrepresentations and omissions of AAM.

20. An actual and present controversy exist between the parties with respect to Physicians' claims that AAM violated contractual and legal duties to Physicians and whether Physicians suffered any legally cognizable damages caused by any of the alleged acts or omissions alleged by Physicians. There also exists an actual and present controversy with respect to the affirmative defenses raised by AAM in the original action.

WHEREFORE, Plaintiff Asset Allocation & Management Company, LLC respectfully requests that this Court enter a judgment in this action declaring that AAM did not breach any duty owed to Physicians, Physicians did not suffer any damages or any damages caused by any breach of duty by AAM or that Physicians' claims are otherwise barred and award AAM the

reasonable costs, including attorneys' fees, together with such further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a jury trial.

Dated:  August 7, 2008

                                      Respectfully submitted,

                                        /s/  Kenneth M. Kliebard
                                      Kenneth M. Kliebard (#6201479)
                                      HOWREY LLP
                                      321 N. Clark Street – Suite 3400
                                      Chicago, Illinois 60654
                                      (312) 595-1239
                                      kliebardk@howrey.com

                                      *Attorney for Plaintiff Asset Allocation and Management Co., LLC*